UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Robert Houle,

                                         Plaintiff,

                                                                                                       Case # 25-CV-06379-FPG

v.

                                                                                                        ORDER TO SHOW CAUSE

Ocwen Loan Servicing & Onity Group,

                                         Defendants.
_____

      This action was commenced in May 2025, when Plaintiff Robert Houle filed a complaint in the Supreme Court of Monroe County, New York, against Leticia Arias, Janira Walker, Ocwen Loan Servicing, and Onity Group. ECF No. 1. On July 16, 2025, Ocwen Loan Servicing and Onity Group removed this action to this Court pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446(b).[1] Plaintiff has taken no action in this case since it was removed to this Court on July 16, 2025.

      Local Rule of Civil Procedure 41(b) provides that if a civil case has been pending for more than six months and a party is not in compliance with the directions of the district court, or if no action has been taken by the parties in six months, the Court may order the party to show cause why the case should not be dismissed for failure to prosecute. Loc. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 41(b); *Yulle v. Barkley*, No. 05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25,

---

[1] Plaintiff's action in state court listed Leticia Arias, Janira Walker, Ocwen Loan Servicing, and Onity Group as Defendants. *See* ECF No. 1. While the rule of unanimity typically requires that all defendants consent to removal, the rule is only applicable to defendants who have been properly joined and served. *See Doe v. Warner*, 659 F. Supp. 3d 293, 299 (E.D.N.Y. 20233) (citing 28 U.S.C. § 1446 (b)(2)(A)). It does not appear that Leticia Arias or Janira Walker have been properly served. *See Robert Houle v. Leticia Arias, Janira Walker, Ocwen Loan Servicing, Onity Group,* Index No. I2025011880 (Monroe Ctny. Sup. Ct. 2025). Therefore, Arias's and Walker's consent was not needed for Ocwen Loan Servicing and Onity Group to remove this case and the only claims properly before this Court are those alleged against Ocwen Loan Servicing and Onity Group.

2007) ("Th[e] power to dismiss [under Fed. R. Civ. P. 41(b)] may be exercised when necessary to achieve orderly and expeditious disposition of cases.").

Because Plaintiff has taken no action in this case since the case was removed to this Court, Plaintiff is ordered to show cause, in writing, why his claims against Ocwen Loan Servicing and Onity Group should not be dismissed for failure to prosecute. Therefore, by **February 24, 2026,** Plaintiff must file a written response explaining (a) why no action has been taken in this case for more than six months and (b) whether, in light of his failure to communicate with the Court for more than six months, he wishes to continue pursuing his claims against Ocwen Loan Servicing and Onity Group.

<u>If Plaintiff fails to file his written response by February 24, 2026, the Court may treat his noncompliance as a failure to prosecute and may dismiss this action against Ocwen Loan Servicing and Onity Group with prejudice pursuant to Rule 41(b)</u>. *See Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) ("The district court [] has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.").

IT IS SO ORDERED.

DATED:   Rochester, New York
         February 10, 2026

                                                _____
                                                HON. FRANK P. GERACI, JR.
                                                United States District Judge
                                                Western District of New York